UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADIHA MINER, | CASE NO. C19-0849JLR |
| Plaintiff, | ORDER |
| v. | |
| ISSAQUAH POLICE DEPARTMENT, | |
| Defendant. | |

Before the court is *pro se* Plaintiff Madiha Miner's June 5, 2019, notice of removal of her own lawsuit from King County Superior Court. (*See* NOR (Dkt. #4).) For the reasons stated below, the court *sua sponte* REMANDS this action to state court.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Further, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v.*

*Friend*, 559 U.S. 7, 94 (2010).  With regard to removed cases, 28 U.S.C. § 1447(c) states, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Removal statutes are strictly construed.  *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  Section 1441(a) provides:

> Except as otherwise expressly provided by Act of congress, any civil action brought in a State court of which the district courts on the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (italics added).  Likewise, Section 1446(a) states:

> A *defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446 (italics added).

As the language of the foregoing statutes dictate, only defendants have the right to remove an action from state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941) (concluding that Congress intended to limit the right to remove an action to defendants only and that a suit containing a counterclaim is not removable by a plaintiff); *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right exists in favor of a person who, as plaintiff, has filed an action in state court, to cause the removal of such action to a federal court."); *In re Hartford Litig. Cases*, 642 F. App'x 733, 736 (9th Cir. 2016) (unpublished) ("The [appellants] were *plaintiffs* in the state

court, and therefore cannot use the removal statutes they invoke.") (citing 28 U.S.C. §§ 1441, 1443, 1446).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979)). Although a district court may not remand a case *sua sponte* for a non-jurisdictional defect in removal, *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co*., 346 F.3d 1190, 1191 (9th Cir. 2003), both the Supreme Court and the Ninth Circuit have referred to the restriction to defendants of the right to remove a case as jurisdictional, *see Shamrock*, 313 U.S. at 107 (stating that the restriction to defendants of the right of removal "indicat[es] the Congressional purpose to narrow the federal jurisdiction on removal"); *see also In re Walker*, 375 F.3d at 678 (affirming the district court's holding that it was without jurisdiction because the plaintiff did not have the right to remove its own case under 28 U.S.C. § 1441, 1443, 1446).  Accordingly, the court concludes that it lacks jurisdiction over Ms. Miner's complaint and ORDERS the case REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

Specifically, court ORDERS that:

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are REMANDED to King County Superior Court in the State of Washington,

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk of the Court for King County Superior Court,

3. The Clerk shall also transmit the record herein to the Clerk of the Court for King County Superior Court,

4. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course, and

5. The Clerk shall CLOSE this case.

Dated this 19th day of June, 2019.

JAMES L. ROBART
United States District Judge

ORDER - 4