UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MADIHA MINER,

                          Plaintiff,

            v.

ISSAQUAH POLICE
DEPARTMENT,

                          Defendant.

CASE NO. C19-0849JLR

ORDER STRIKING MOTIONS

On June 19, 2019, the court entered an order remanding this action to King County
Superior Court because this court lacks subject matter jurisdiction over Plaintiff Madiha
Miner's complaint.  (*See* Order (Dkt. # 6).)  The matter is closed, and pursuant to Local
Rule LCR 3(i), the Clerk will remand this action on July 3, 2019.  *See* Local Rules W.D.
Wash. LCR 3(i).

Despite the court's ruling, on June 25, 2019, Ms. Miner filed seven motions,
including a motion requesting service upon Defendant Issaquah Police Department

("IPD") (Mot. 1 (Dkt. # 7)), a motion to remove the action from the court's electronic filing process (Mot. 2 (Dkt. # 8)), a motion to reopen the case (Mot. 3 (Dkt. # 9)), a motion to restrain IPD from coming within 30 miles of herself or her family (Mot. 4 (Dkt. # 10)), a motion to submit all evidence to the United States Supreme Court (Mot. 5 (Dkt. # 11)), a motion to remove the case to the Washington Supreme Court (Mot. 6 (Dkt. # 12)), and a motion for a default judgment (Mot. 7 (Dkt. # 13)).

Liberally construed, Ms. Miner's motion to reopen the case constitutes a motion for reconsideration of the court's order remanding this action. (*See* Mot. 3; *see also* Order).) Pursuant to Local Rule LCR 7(h)(1), motions for reconsideration are disfavored, and the court will ordinarily deny them unless the moving party makes a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier with reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). Ms. Miner has made neither showing here (*see* Mot. 3), and accordingly, the court DENIES her motion.

Ms. Miner's remaining motions are nonsensical. Her motion requesting service upon IPD and her motion for a default judgment are entirely inconsistent. (*See* Mot. 1; Mot. 7). Her motion requesting the court "to submit all evidence with the United States Supreme [C]ourt," is incoherent given the procedural posture of this case. (*See* Mot. 5 at 1.) With respect to Ms. Miner's sixth motion, there is no process under law for removing an action from a federal district court to the Washington Supreme Court. (*See* Mot. 6.) In any event, as the court previously ruled, it lacks subject matter jurisdiction over Ms. Miner's case, and therefore is without power to make any substantive ruling herein. *See*

*Lightfoot v. Cendant Mortg. Corp.*, --- U.S. ---, 137 S. Ct. 553, 555 (2017) ("[A] court's subject-matter jurisdiction defines its power to hear cases.").

Based on the foregoing analysis, the court DENIES Ms. Miner's motion for reconsideration (Dkt. # 9), STRIKES the remainder of Ms. Miner's motions (Dkt. ## 7-8, 10-13), and DIRECTS the Clerk to remove them from the court's calendar.

Dated this 26th day of June, 2019.


JAMES L. ROBART
United States District Judge